# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**STEVEN D. BURKE,**

      **Petitioner,**

      v.

**WARDEN, NEIL TURNER,**

      **Respondent.**

**CASE NO. 2:16-CV-01076**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On November 7, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this action be dismissed. (Doc. 13.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (Doc. 14.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, the *Objection* (Doc. 14) is **OVERRULED**. The *Report and Recommendation* (Doc. 13) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a trial in the Franklin County Court of Common Pleas on felonious assault with a firearm specification and having a weapon while under a disability. He asserts that the evidence is constitutionally insufficient to sustain his convictions (claim one); that he was denied the effective assistance of trial counsel (claim two); and that he was denied due process by use of an unduly suggestive photographic identification procedure (claim three). The Magistrate Judge recommended dismissal of claim three as

procedurally defaulted, due to Petitioner's failure to raise the claim on direct appeal, and claims one and two as without merit.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims. He maintains that the evidence is constitutionally insufficient to sustain his convictions, because the State relied on the unreliable witness testimony, and lacked forensic or tangible evidence of his guilt. Petitioner refers to the testimony of defense witness Bradley Darren Shirley, who stated that on the day that Jamacan Sizemore was shot, Shirley received a text from the Petitioner requesting a ride shortly before noon – the time that Sizemore said Petitioner approached him and shot him six times. *Transcript, Volume III* (Doc. 11-4, PageID# 723-24.) Shirley picked Petitioner up about twenty minutes later, and dropped him off on "Helen Street" at approximately 12:25 – 12:30 p.m. (PageID# 725-26.) Petitioner again argues that he was denied the effective assistance of trial counsel, because his attorney failed to submit evidence indicating that Petitioner was physically incapable of running. Petitioner contends that the state appellate court improperly denied his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) for failure to include a sworn statement. He has submitted a copy of the *Affidavit of Verification*, which he states that he attached to his Rule 26(B) application. (Doc. 14-2, PageID# 938.)

However, Sizemore testified that Petitioner, whom he had known since he was 13 or 14 years old, approached him in the parking lot of his apartment complex, and began shooting at him. Sizemore was shot once in the back, twice in his left leg, and three times in his right leg. He lost his right leg and shattered his knee. Sizemore was 100 percent sure of his identification of Petitioner as the shooter. When viewing the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), Sizemore's testimony alone

constituted constitutionally sufficient evidence to sustain Petitioner's convictions. Moreover, defense counsel presented defense witnesses who testified that Petitioner had recently been released from the hospital, was using a cane, and unable to walk quickly on the date at issue. Nothing in the record reflects that counsel could have obtained further medical evidence to establish that Petitioner was physically unable to move quickly at that time. Petitioner therefore has failed to establish the denial of the effective assistance of counsel under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), on this basis. Additionally, Petitioner waived his claim that he was convicted by use of an unduly suggestive photographic identification procedure by failing to raise the issue on direct appeal. The denial of the effective assistance of appellate counsel cannot constitute cause for this procedural default, because the appellate court denied his Rule 26(B) application for failure to comply with App. R. 26(B)(2)(d), and Petitioner did not file an appeal to the Ohio Supreme Court. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (the denial of the effective assistance of counsel cannot constitute cause for a procedural default, if such claim is also procedurally defaulted).

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (Doc. 14) is **OVERRULED.** The *Report and Recommendation* (Doc. 13) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v.*

*Fisher*, ——U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted and without merit. Therefore, the Court **DECLINES** to issue a certificate of appealability.

Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith. Therefore, any request to for leave to appeal *in forma pauperis* should be denied. *See* Fed.R.App.P. 24(a); *Kincade v. Sparkman*, 117 F.3d at 952.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED**.

12 - 9 - 2017

EDMUND A. SARGUS
Chief United States District Judge

4